UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ES&G TRADING, INC.,

                                    Plaintiff,

                    v.

SUN CAPITAL, INC.,

                                    Defendant.
-------------------------------------------------------------------x

ECF CASE
07 CV 3371 (RPP)

Case No. _____

RECEIVED
APR 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE OF REMOVAL

Defendant, Sun Capital, Inc. (hereinafter "Sun Capital"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1448, and Local Rule 81.1, hereby gives notice of its removal of this action from the Supreme Court of the State of New York in and for the County of New York (hereinafter "New York Supreme Court") to the United States District Court for the Southern District of New York.  The removal of this case is based upon the following grounds:

On or about March 13, 2007, Plaintiff, ES&G Trading, Inc. (hereinafter "ES&G"), initiated an action that is pending in the New York Supreme Court.  The case is styled *ES&G Trading, Inc. v. Sun Capital, Inc.* and is designated Case No. 07-103506.

## 1.    Defendant's Receipt of Complaint

As of this date the Defendant has not been served with the Complaint in this action however, the Defendant first received a copy of the Complaint on April 5, 2007 after it received information about the lawsuit through receipt of documentation from a subpoena to another party.  Upon receiving this information Sun Capital took action to obtain a copy of the Complaint from the Court file.

2.    **Nature of Action in Plaintiff's Complaint**

Plaintiff's Complaint attempts to assert a claim for declaratory judgment determining that Plaintiff, ES&G is not a successor in interest to a company called East West Trading, Inc., a company with whom Sun Capital had a factoring relationship. Plaintiff's Complaint further requests injunctive relief requesting the court to issue an Order directing Sun Capital to cease and desist its alleged interference with ES&G's receipt of payment from the customers of East West Trading, Inc. who ES&G now claims are its customers.

3.    **Removal of State Court Action**

Under 28 U.S.C. § 1441(a) "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

As demonstrated below, this action is removable under 28 U.S.C. § 1441(a) in that the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). In addition, venue is proper in the Southern District of New York and this Notice of Removal is being filed in a timely manner.

4.    **Diversity of Citizenship Jurisdiction**

Under 28 U.S.C. § 1332(a) "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between (1) citizens of different state . . . ." At the time the Complaint was filed, and at the time this Notice of Removal is filed, Plaintiff ES&G is a New York corporation with its principal place of business in New York, New York. Accordingly, the Plaintiff is a citizen of the State of New York. At the time the Complaint was filed, and at the

- 2 -

time this Notice of Removal is filed, Defendant, Sun Capital is a Florida corporation with its principal place of business in Boca Raton, Florida and thus Defendant for purposes of removal of this action, is a citizen of the State of Florida. The corporate parties are "citizens of different States" for the purpose of 28 U.S.C. § 1332 (a), and the amount in controversy is $399,646.00, an amount "that exceeds the sum or value of $75,000.00, exclusive of interest and costs." Thus, the requirements of 28 U.S.C. § 1332(a) are satisfied and the case is removable pursuant to 28 U.S.C. § 1441(a).

**5.**    <u>**Venue**</u>

This action was initially brought in the New York Supreme Court. The Southern District of New York is the judicial district embracing the place where the state court action was brought, and is therefore pending in the proper district court, to which this case should be removed. *See* 28 U.S.C. § 112 (b) and §§ 1441(a) and 1446(a).

**6.**    <u>**Timeliness of Notice of Removal**</u>

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since Sun Capital received Plaintiff's Complaint.

**7.**    <u>**State Court Proceedings**</u>

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the Southern District of New York, Sun Capital is simultaneously filing with this Notice copies of all process, pleadings and order existing on file in the New York Supreme Court in this removed action. Further, pursuant to 28 U.S.C. § 1446(d), Sun Capital is filing a true and correct copy of this Notice of Removal with the Clerk of the New York Supreme Court. A copy of the Notice of Filing Notice of Removal is attached as Exhibit "1."

**WHEREFORE,** Defendant, Sun Capital respectfully gives notice of the removal of this action from the New York Supreme Court to the United States District Court for the Southern District of New York.

Dated:  New York, New York
         April 26, 2007


                                    Respectfully submitted,


                                    STRASSBERG & STRASSBERG, P.C.
                                    Attorneys for Defendant

                                    By:_____
                                         Robert Strassberg (RS-9628)
                                    57 West 38th Street 8th Floor
                                    New York, New York 10018
                                    (212) 736-9500

TO:    LAWRENCE F. MORRISON, ESQ.
       Attorney for Plaintiff
       220 East 72nd Street
       New York, New York 10021
       (212) 861-1224

SCANNED On 3/15/2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X

E S & G TRADING, INC
        Plaintiff,

    -against-

SUN CAPITAL, INC.
        Defendant.

--------------------------------------------------------------X

**SUMMONS**

Plaintiff designates
New York County as the
Place of Trial

The basis of venue is       `07103506`
Plaintiffs' address

Plaintiff resides at
1431 BROADWAY 9TH FLOOR
New York, New York 10018

TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with a summons, to serve a notice of appearance on Plaintiffs attorneys within twenty days after service of this summons, exclusive of the day of service, where service is made upon you personally within the state, or within 30 days after completion of service, where service is made in any other matter. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Defendant's address:
Sun Capital Group
999 Yamato Road, 3rd Fl
Boca Raton, Fl 334131

Dated: New York, New York
      MARCH 13, 2007

Plaintiffs' Attorney
Lawrence Morrison, Esq.
220 EAST 72ND STREET
NEW YORK, NY
(212)861-1224

*FILED*
*MAR 14 2007*
*NEW YORK*
*COUNTY CLERKS*

SUPREME COURT OF THE STATE OF NEW YORK
COURT OF NEW YORK
-------------------------------------------------------------------X

E S & G TRADING, INC

Plaintiff

Against

SUN CAPITAL, INC.

Defendant.

-------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Plaintiff complaining of defendant alleges:

1. Plaintiff is, and at all times hereinafter mentioned has been, a resident of New York County, New York.

2. Upon information and belief, defendant is, a corporation incorporated in the State of Florida.

3. Plaintiff is a wholesaler of women's and child clothing maintaining an office at 1431 Broadway, New York, NY 10018.

4. Defendant has contacted customers of Plaintiff and directed them not to make payments to Plaintiff because they claim Plaintiff is a successor in interest to a corporation named East West Trading Inc.,

5. The Plaintiff respectfully submits that it is not a successor in interest to East West Trading, Inc. and requires a court Order directing Defendant to cease and desist interfering with its sales.

6.  The Plaintiff requires a declaratory judgment determining that it is not a successor in interest to East West Trading and directing defendant to cease interfering with the payment from its vendors.

7. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff requests the court to declare the legal rights, relations, and duties of the parties with respect to the following matters:

a) That the Plaintiff is not a successor in interest to East West Trading, Inc and that Defendant should cease interfering with its sales.

b) Plaintiff further requests such other and further relief and declarations of the rights and legal relations of the parties to this action as may be necessary and proper.

Dated: New York, New York
March 13, 2007

Lawrence F. Morrison
Attorney at Law
220 EAST 72ND STREET
NEW YORK, NY 10021
212-861-1224

VERIFICATION

STATE OF NEW YORK )
         )SS:
COUNTY OF NEW YORK )


Evan Salton, being duly sworn deposes

  Deponent is the President of Plaintiff corporation in the within action; he has read the

foregoing complaint and know the contents thereof; the same is true to deponents own

knowledge except as to matters therein alleged on information and belief; and as to those matters

deponent believes them to be true.


                _____
                Evan Salton

Sworn to before me this
13th day of March

_____
Lawrence Morrison
Notary Public
State of New York
#02m06059654
Commission expires 7/28/07

AT AN IAS term, part of the
Supreme Court, held in and
For the County of New York at the
County Courthouse, 60 Centre Street
New York, New York 10007
On the    day of March, 2007

PRESENT:                                                07103506

Hon:

            Justice

-------------------------------------------------------X

E S & G TRADING, INC.

            Plaintiff,                    ORDER TO SHOW
                                          CAUSE

      -against-                           Index Number

SUN CAPITAL INC.

            Defendant.

-------------------------------------------------------X

UPON READING AND FILING the annexed emergency affidavit of Evan Salton dated March,

13, and upon the summons and verified complaint

LET THE DEFENDANTS or their attorneys show cause at an IAS Term part    of this court to

be held at the County Courthouse, 60 Centre Street, Room    , New York, New York on the

Day of March, 2007 at 9:30 a.m. in the forenoon of that date or as soon thereafter as counsel can

be heard why a declaratory judgment should not be had determining that Plaintiff is not a

successor in interest of East West Trading, Inc. and directing defendant to cease interfering with

its sales together with such other and further relief as this court deems just and proper.

AND SUFFICIENT CAUSE HAVING BEEN ALLEGED LET service of a copy of this order

and the papers upon which it is granted be served upon the Defendant via overnight mail on or

before the    Day of March, 2007 be deemed good and sufficient service.


ENTER:


_____

JUSTICE OF THE SUPREME COURT
OF THE STATE OF NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
                                Index #

E S & G TRADING, INC                       EMERGENCY
                                                     AFFIDAVIT IN SUPPORT


       -against-


SUN CAPITAL, INC.

          Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK     )

COUNTY OF NEW YORK  )


Evan Salton being duly sworn deposes and says:

1.     I am the President of the Plaintiff herein and make this affidavit in support of the annexed

Order to Show Cause .

**ES & G TRADING INC NOT A SUCCESSOR IN
INTEREST TO EAST WEST TRADING ,INC.**

2.     The Defendant has been writing letters to our customers and factor saying that Plaintiff is

a successor in interest to a company called East West Trading.

3.     I am the President of Plaintiff. I was not a principal, officer or director of East West

Trading. My 50 percent partner is Kristen Goldfarb who also was not a principal officer or

director of East West Trading, Inc.

4.      Annexed as Exhibit A are letter written to my customers directing them not to pay me and they aren't.

5.      Annexed as Exhibit B is my website for my two brands Loca Loca and Pure.

6.      Annexed as Exhibit C is the Dun and Bradstreet report which shows that I am not a successor in interest to East West Trading, Inc.


### DEFENDANTS INTERFERENCE WILL LEAVE ME UNABEL TO MEET MY PAYROLL THIS FRIDAY

7.      Plaintiff's interference with Plaintiffs business will leave me unable to meet my payroll this Friday. I require immediate court intervention to declare that E S & G Trading, Inc is not a successor in interest

8.      I need an immediate court to determine the rights and relations of the parties.

No prior application ahs been made for the relief sought in this application.

                                                                        Evan Salton

Sworn to before me this
13th day of March


Lawrence Morrison
Notary Public
State of New York
#02m06059654
Commission expires 7/28/07

SUPREME COURT OF THE STATE OF NEW YORK
COURT OF NEW YORK
------------------------------------------------------------------X

E S & G TRADING, INC

Plaintiff

Against

SUN CAPITAL, INC.

Defendant.

------------------------------------------------------------------X

                                                    VERIFIED
                                                    COMPLAINT


Plaintiff complaining of defendant alleges:

1. Plaintiff is, and at all times hereinafter mentioned has been, a resident of New York County, New York.

2. Upon information and belief, defendant is, a corporation incorporated in the State of Florida.

3. Plaintiff is a wholesaler of women's and child clothing maintaining an office at 1431 Broadway, New York, NY 10018.

4. Defendant has contacted customers of Plaintiff and directed them not to make payments to Plaintiff because they claim Plaintiff is a successor in interest to a corporation named East West Trading Inc.,

5. The Plaintiff respectfully submits that it is not a successor in interest to East West Trading, Inc. and requires a court Order directing Defendant to cease and desist interfering with its sales.

6.  The Plaintiff requires a declaratory judgment determining that it is not a successor in interest to East West Trading and directing defendant to cease interfering with the payment from its vendors.

7. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff requests the court to declare the legal rights, relations, and duties of the parties with respect to the following matters:

a) That the Plaintiff is not a successor in interest to East West Trading, Inc and that Defendant should cease interfering with its sales.

b) Plaintiff further requests such other and further relief and declarations of the rights and legal relations of the parties to this action as may be necessary and proper.

Dated: New York, New York
March 13, 2007

Lawrence F. Morrison
Attorney at Law
220 EAST 72ND STREET
NEW YORK, NY 10021
212-861-1224

VERIFICATION

STATE OF NEW YORK    )
                            )SS:
COUNTY OF NEW YORK  )

Evan Salton, being duly sworn deposes

     Deponent is the President of Plaintiff corporation in the within action; he has read the

foregoing complaint and know the contents thereof; the same is true to deponents own

knowledge except as to matters therein alleged on information and belief; and as to those matters

deponent believes them to be true.

_____
      Evan Salton

Sworn to before me this
13th day of March

_____
Lawrence Morrison
Notary Public
State of New York
#02m06059654
Commission expires 7/28/07

EXHIBIT "A"

# PICK & ZABICKI LLP

### ATTORNEYS AT LAW
369 Lexington Avenue, 12ᵗʰ Floor
New York, New York 10017

Douglas J. Pick
Eric C. Zabicki

Telephone: (212) 695-6000
Facsimile: (212) 695-6007
e-mail: dpick@picklaw.net

February 21, 2007

**_Via Facsimile 727-822-8543_**
Mr. Ivan T. Baker, CFO
United Capital Funding Corp.
146 Second Street North, Suite 200
St. Petersburg, Florida 33701

Re:    _ES&G Trading, Inc./East-West Trading, Inc./Sun Capital Inc._

Dear Mr. Baker:

Our office has recently been retained as counsel to ES&G Trading Inc. ("ES&G"). We have reviewed a copy of a letter, dated February 15, 2007, submitted to United Capital Funding Corp. ("United Capital") by Sun Capital Inc. ("Sun Capital"). This letter is submitted in response to the unsupported allegations made by Sun Capital to the effect that ES&G is a "successor entity" to East-West Trading, Inc. ("East-West").

The only officers of East-West are Lawrence Goldfarb and Russell Goldfarb, whereas the only officers of ES&G are Evan Salton (President) and Kristin Goldfarb (Vice-President). Suzanne Goldfarb is the sole shareholder of the stock of East-West. Evan Salton and Kristin Goldfarb each own 50% of the stock of ES&G. Although Suzanne Goldfarb is the daughter, and Kristin Goldfarb the daughter-in-law, of Lawrence Goldfarb, that relationship does not make the corporations affiliated or successor entities. As such, there are no officers, directors and/or shareholders in common between the two distinctive corporations. Additionally, although ES&G sublets space from East-West, East-West and ES&G maintain wholly separate operations. As such, there is no merit to Sun Capital's assertions that ES&G is a successor entity to East-West and Sun Capital has no valid claim to any monies collected by United Capital against ES&G's account.

We would appreciate if you could contact the undersigned with any questions or comments you may have with respect to this matter.

Very truly yours,

Douglas J. Pick

DJP/nr

C  Documents and Settings USER My Documents BAKER LTR 2-20-07 BAKER LTR-2-20-07.wpd

# PICK & ZABICKI LLP

### ATTORNEYS AT LAW
369 Lexington Avenue, 12th Floor
New York, New York 10017

Douglas J. Pick
Eric C. Zabicki

Telephone: (212) 695-6000
Facsimile: (212) 695-6007
e-mail: dpick@picklaw.net

February 21, 2007

Mr. Charles Anteby
Tag Apparel
1375 Broadway, Suite 1102
New York, New York 10018

Tag Apparel
15001 S. Figueroa Street
Gardena, California 90248
Attn: Accounts Payable Dept.

Re:     *ES&G Trading, Inc./East-West Trading, Inc./Sun Capital Inc.*

Dear Mr. Anteby:

Our office has recently been retained as counsel to ES& G Trading Inc. ("ES&G"). We have reviewed a copy of a letter, dated February 16, 2007, submitted to Tag Apparel by Sun Capital Inc. ("Sun Capital"). This letter is submitted in response to the unsupported allegations made by Sun Capital to the effect that ES&G is a "successor entity" to East-West Trading, Inc. ("East-West").

The only officers of East-West are Lawrence Goldfarb and Russell Goldfarb, whereas the only officers of ES&G are Evan Salton (President) and Kristine Goldfarb (Vice-President). Suzanne Goldfarb is the sole shareholder of the stock of East-West. Evan Salton and Kristine Goldfarb each own 50% of the stock of ES&G. Although Suzanne Goldfarb is the daughter, and Kristine Goldfarb the daughter-in-law, of Lawrence Goldfarb, that relationship does not make the corporations affiliated or successor entities. As such, there are no officers, directors and/or shareholders in common between the two distinctive corporations. Additionally, although ES&G sublets space from East-West and East-West has performed some production work for ES&G, East-West and ES&G maintain wholly separate operations. As such, there is no merit to Sun Capital's assertions that ES&G is a successor entity to East-West and Sun Capital has no valid claim to any monies owed by Tag Apparel to ES&G.

We would appreciate if you could contact the undersigned with any questions or comments you may have with respect to this matter.

Very truly yours,

Douglas J. Pick

DJP/nr

FEB-16-2007  02:58PM   FROM-                                    T-084  P 002/003  F-484



**RE:  In re: East-West Trading, Inc., Debtor**

**Sun Capital**

For Bright Cash Flow Solutions™

Accounts Receivable
Funding and Management

Medical Receivable
Funding, Billing and
Management

Contractual Receivable
Funding and Management

Equipment Leasing

Purchase Order
Funding

Letters of
Credit

Inventory
Financing

Debt
Arbitration

Tag Apparel                                       February 16, 2007
Accounts Payable Department
15001 S Figueroa St.
Gardena, CA  90248

VIA FAX: 212-575-0896

Dear: Charles Anteby

As you may be aware, Sun Capital, Inc. ("Sun") had an active factoring relationship with a company identified as East-West Trading, Inc. ("East-West") due to the parties having entered into a Master Purchase and Sale Agreement ("Factoring Agreement") on March 18, 2003, which was amended by agreements dated January 11, 2005 and May 3, 2006). On June 13, 2006, East-West petitioned for Bankruptcy protection and on July 21, 2006 Sun was granted authority to factor post-petition all of East-West's invoices. East-West later sought to have the Chapter 11 case dismissed, which request was denied, but the case was converted to a Chapter 7 case. Sun has recently learned that one or more of the principals of East-West have formed a new company identified as ES&G Trading, Inc. d/b/a Loca Loca ("ES&G").

This letter shall serve to advise you that Sun has been informed that tag apparel has purchased goods and/or services from ES&G and that one or more accounts have been created. It is our belief at this time that due to, among other things, the conversion of East-West's bankruptcy case to a Chapter 7 and the facts surrounding the operation of East-West during that case, that ES&G is a successor entity to East-West. Moreover, pursuant to the express terms of the Factoring Agreement Sun was given a contractual right to extend its lien in the assets of East-West to the assets of ES&G as a successor entity, including your account(s).

We refer you to section 21(n) of the Factoring Agreement, which states as follows:

9299 Manor Road
Hwy/pa, FL 35407

Telephone (561) 995-9615
Facsimile (561) 995-1905

Toll Number
Telephone (800) 800-1704
Facsimile (800) 615-1904

www.suncapital.com

In the event Seller's principals, officers or directors form or participate, directly or indirectly, in the formation of a new entity, whether corporate, partnership, limited liability company or otherwise, similar to that of Seller during the term of this Agreement or if terminated, while any indebtedness is due SCI, such newly formed entity shall be deemed to have expressly assumed the obligations due SCI by Seller under this Agreement. Upon the formation of any such entity, SCI shall be deemed to have been granted an irrevocable power of attorney with authority to execute, on behalf of the newly formed successor business, a new UCC 1 or UCC 3 financial statement and have it filed with any appropriate UCC filing office. SCI shall be held-harmless by Seller and its principals, officers and directors and be relieved of any liability arising out of the recording of any UCC financing statement or the resulting perfection of a lien in any of the successor entity's assets. In addition, SCI shall have the right to notify the successor entity's account debtors of SCI's lien rights, its right to collect all receivables, and to notify any new lender who has sought to procure a competing lien in such successor entity's assets.

Accordingly, Sun takes this opportunity to inform you that it is making a claim to the proceeds arising from any accounts created by ES&G and that you should carefully consider any actions you take that are inconsistent with this demand.

Should you have any questions relating to this issue, please do not hesitate to contact the undersigned.

Sincerely,

ROBERT DODEK
Sr. Vice President
800-880-1709

cc:    East-West Trading, Inc.
       ES&G Trading, Inc. d/b/a Loca Loca

**RE:  In re: East-West Trading, Inc., Debtor**

**SUN CAPITAL**
*"For Bright Cash Flow Solutions"*

February 16, 2007

Tag Apparel
Accounts Payable Department
15001 S Figueroa St,
Gardena, CA  90248

VIA FAX: 212-575-0896

Accounts Receivable
Funding and Management

Medical Receivable
Funding, Billing and
Management

Construction Receivable
Funding and Management

Equipment Leasing

Purchase Order
Funding

Letters of
Credit

Inventory
Financing

Debt
Arbitration

**Dear: Charles Anteby**

As you may be aware, Sun Capital, Inc. ("Sun") had an active factoring relationship with a company identified as East-West Trading, Inc. ("East-West") due to the parties having entered into a Master Purchase and Sale Agreement ("Factoring Agreement") on March 18, 2003, which was amended by agreements dated January 11, 2005 and May 3, 2006.  On June 13, 2006, East-West petitioned for Bankruptcy protection and on July 21, 2006 Sun was granted authority to factor post-petition all of East-West's invoices.  East-West later sought to have the Chapter 11 case dismissed, which request was denied, but the case was converted to a Chapter 7 case.  Sun has recently learned that one or more of the principals of East-West have formed a new company identified as ES&G Trading, Inc. d/b/a Loca Loca ("ES&G").

This letter shall serve to advise you that Sun has been informed that tag apparel has purchased goods and/or services from ES&G and that one or more accounts have been created.  It is our belief at this time that due to, among other things, the conversion of East-West's bankruptcy case to a Chapter 7 and the facts surrounding the operation of East-West during that case, that ES&G is a successor entity to East-West.  Moreover, pursuant to the express terms of the Factoring Agreement Sun was given a contractual right to extend its lien in the assets of East-West to the assets of ES&G as a successor entity, including your account(s).

We refer you to section 21(n) of the Factoring Agreement, which states as follows:

922 Wellington Road
Hollywood, FL 33007

Telephone: (561) 995-0615
Facsimile: (561) 994-1937

Toll free Numbers:
Telephone: (800) 880-1709
Facsimile: (800) 615-1987

www.suncapitalinc.com

In the event Seller's principals, officers or directors form or participate, directly or indirectly, in the formation of a new entity, whether corporate, partnership, limited liability company or otherwise, similar to that of Seller during the term of this Agreement or if terminated, while any indebtedness is due SCI, such newly formed entity shall be deemed to have expressly assumed the obligations due SCI by Seller under this Agreement. Upon the formation of any such entity, SCI shall be deemed to have been granted an irrevocable power of attorney with authority to execute, on behalf of the newly formed successor business, a new UCC 1 or UCC 3 financial statement and have it filed with any appropriate UCC filing office. SCI shall be held-harmless by Seller and its principals, officers and directors and be relieved of any liability arising out of the recording of any UCC financing statement or the resulting perfection of a lien in any of the successor entity's assets.   In addition, SCI shall have the right to notify the successor entity's account debtors of SCI's lien rights, its right to collect all receivables, and to notify any new lender who has sought to procure a competing lien in such successor entity's assets.

Accordingly, Sun takes this opportunity to inform you that it is making a claim to the proceeds arising from any accounts created by ES&G and that you should carefully consider any actions you take that are inconsistent with this demand.

Should you have any questions relating to this issue, please do not hesitate to contact the undersigned.

Sincerely,

ROBERT DODEK
Sr. Vice President
800-880-1709

cc:     East-West Trading, Inc.
        ES&G Trading, Inc. d/b/a Loca Loca

*Evan Sur...*

# SUN CAPITAL INC.

The Cash Flow Industry's
Foremost Funding Source

February 15, 2007

Mr. Ivan T. Baker
Chief Financial Officer
United Capital Funding Corp.
146 Second Street North, Suite 200
St. Petersburg, Florida 33701

    **RE:**   *In re: East-West Trading, Inc., Debtor*

Dear Mr. Baker:

  As you may be aware, Sun Capital, Inc. ("Sun") had an active factoring relationship with a company identified as East-West Trading, Inc. ("East-West") due to the parties having entered into a Master Purchase and Sale Agreement ("Factoring Agreement") on March 18, 2003, which was amended by agreements dated January 11, 2005 and May 3, 2006). On June 13, 2006, East-West petitioned for Bankruptcy protection and we were granted authority to factor post-petition invoices on July 21, 2006,[1] during which East-West sought to have the Chapter 11 case dismissed. We have recently learned that one or more of the principals of East-West have formed a new company identified as ES&G Trading, Inc. d/b/a Loca Loca ("ES&G"). We also understand that this new company, ES&G, has entered into an agreement with United Capital Funding Corp. ("United Capital") to, *inter alia*, factor its accounts.

  It is our belief at this time that due to, among other things, the conversion of East-West's bankruptcy case to a Chapter 7 and facts surrounding the operation of East-West during that case, that ES&G is a successor entity to East-West. Moreover, pursuant to the express terms of the Factoring Agreement we were given a contractual right to extend our lien in the assets of East-West to the assets of ES&G as a successor entity. Specifically section 21(n) of the Factoring Agreement states as follows:

   In the event Seller's principals, officers or directors form or participate, directly or indirectly, in the formation of a new entity, whether corporate, partnership, limited liability company or otherwise, similar to that of Seller during the term of this Agreement or if terminated, while any indebtedness is due SCI, such newly

---

[1]   Because East-West defaulted on its obligations, we have terminated the post-petition factoring documents and obtained stay relief pursuant to the terms thereof.

999 Yamato Road, Third Floor, Boca Raton, Florida 33431
Telephone: (561) 995-0015 | Toll-free: (800) 880-1769 | Facsimile: (800) 635-5913
www.ncapitalinc.com

formed entity shall be deemed to have expressly assumed the obligations due SCI by Seller under this Agreement. Upon the formation of any such entity, SCI shall be deemed to have been granted an irrevocable power of attorney with authority to execute, on behalf of the newly formed successor business, a new UCC 1 or UCC 3 financial statement and have it filed with any appropriate UCC filing office. SCI shall be held-harmless by Seller and its principals, officers and directors and be relieved of any liability arising out of the recording of any UCC financing statement or the resulting perfection of a lien in any of the successor entity's assets. In addition, SCI shall have the right to notify the successor entity's account debtors of SCI's lien rights, its right to collect all receivables, and to notify any new lender who has sought to procure a competing lien in such successor entity's assets.

It is our belief at this time that United Capital did factor a certain number of accounts, but that it will be able to fully collect those accounts. Based on the content of this letter and other facts and circumstances, we are hereby making a claim to any monies collected.

Should you have any questions or concerns about this please do not hesitate to contact the undersigned.

Sincerely,

ROBERT DODEK
Senior Vice President
Sun Capital,

FEB-18-2007 02:58PM   FROM-



The Cash Flow Industry's
Foremost Funding Source

**Sun Capital, Inc.**
**999 Yamato Road, Third Floor**
**Boca Raton, FL 33431**
**Telephone: (800) 880-1709**
**Facsimile: (800) 645-1942**

T-084  P 001/003  F-434

# of Pages Including This Cover  **3**

Via Facsimile:  **212-575-0896**

| | |
|---|---|
| **To:** | **Charles Anteby** |
| **Dept:** | |
| **Company:** | **Tag Apparel** |
| **From:** | **Robyn Redgate** |
| **Date** | **2/15/07** |
| **Re:** | **EAST WEST TRADING INC** |
| | **ES&G Trading** |

**Please see attached revised letter and disregard the initial letter sent to you in this matter. Thank you for your help.**

SUN CAPITAL CONFIDENTIALITY NOTICE

This fax communication and any attachments may contain confidential and privileged information all of which is intended only for the use of the designated recipients. If the reader of this message is not the intended recipient, or authorized to receive for the recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please destroy all copies of this communication and any attachments and immediately notify us by reply fax. Thank you.

If you have any questions, please call Robyn Redgate at Sun Capital, Inc. at
800-880-1709 x 220 or VIA Email Robyn@SunCapitalInc.com

EXHIBIT "B"

 **PURE**



## Welcome to Loca Loca & PURE!

We at Loca Loca specialize in the design, production and sourcing of junior sweaters and knits. We offer european inspired trends interpreted specifically for our diverse range of catalog and retail clientel. We also develop product for contemporary, missy and plus size private label outfits.

About Us | Collection · Cont

*Loca Loca* Apparel    **PURE**

Collection
Pg1  Pg2    Back to Hor

  

  

Please parden our appearance
while our website is being updated.



**PURE**

Collection    Back to Hor

Pg1   Pg2



Please parden our appearance
while our website is being updated.

EXHIBIT "C"

# Business Information Report: ES & G Trading, Inc

© 2002 Dun & Bradstreet, Inc.
**This D&B report is being provided for your review.**
**It may not be used for any other purpose or provided to anyone else.**

## - Not For Distribution -

*IN DATE*

| | | |
|---|---|---|
| DUNS: 78-667-6754 | DATE PRINTED | SUMMARY |
| ES & G TRADING, INC | MAR 08 2007 | RATING    -- |
| | | |
| 1431 BROADWAY 9TH FLOOR | WHOL | STARTED    2006 |
| NEW YORK NY  10018 | WOMEN'S/CHILD'S | SALES  E  $5,000,000 |
| TEL: 212 840-8808 | CLOTHING | EMPLOYS    6 |
| | SIC NO. | HISTORY    CLEAR |
| | 51 37 | |

CHIEF EXECUTIVE: EVAN SALTON, PRES

```
========================================================================
                *  *  *   CUSTOMER SERVICE   *  *  *
========================================================================
```
If you have questions about this report, please call our Customer Resource
Center at 1-800-234-3867 from anywhere within the U.S. If you are outside the
U.S., contact your local D&B office.

                *** Additional Decision Support Available ***

Additional D&B products, monitoring services and specialized investigations are
available to help you evaluate this company or its industry.
Call Dun & Bradstreet's Customer Resource Center at 1-800-234-3867 from
anywhere within the U.S. or visit our website at www.dnb.com.

```
========================================================================
                *  *  *   SUMMARY ANALYSIS   *  *  *
========================================================================
```
The Summary Analysis section reflects information in D&B's file as of
March 7, 2007.

RATING SUMMARY . . . .

    The absence of a Rating (--) indicates that the information available to
    D&B does not permit us to assign a Rating to this business.  In this
    case, no Rating was assigned because of D&B's overall assessment of the
    company's financial, payment, and its historical information.

    Below is an overview of the company's D&B Rating(s) since 10/17/06:

| RATING | DATE APPLIED |
|---|---|
| ------ | ------------ |
| -- | 10/17/06 |

```
========================================================================
                *  *  *   PAYMENT SUMMARY   *  *  *
========================================================================
```
The Payment Summary section reflects payment information in D&B's file as of
the date of this report.

D&B has not received a sufficient sample of payment experiences to establish a
PAYDEX score.

Below is an overview of the company's dollar-weighted payments, segmented by its suppliers' primary industries:

|  | TOTAL RCV'D | TOTAL DOLLAR AMOUNTS | LARGEST HIGH CREDIT | % W/IN TERMS | DAYS SLOW <31 | 31-60 | 61-90 | 91+ |
|---|---|---|---|---|---|---|---|---|
|  | # | $ | $ | % | % | % | % | % |
| Total in D&B's file | 1 | 500 | 500 |  |  |  |  |  |

Payment By Industry:

| 1 Nonclassified | 1 | 500 | 500 | 100 | - | - | - | - |

Other Payment Categories:

| Cash experiences | 0 | 0 | 0 |
| Payment record unknown | 0 | 0 | 0 |
| Unfavorable comments | 0 | 0 | 0 |
| Placed for collection |  |  |  |
| with D&B | 0 | 0 |  |
| other | 0 | N/A |  |

The highest "Now Owes" on file is $ 0
The highest "Past Due" on file is $ 0

D&B receives over 600 million payment experiences each year. We enter these new andupdated experiences into D&B Reports as this information isreceived.

============================================================================

PAYMENTS   (Amounts may be rounded to nearest figure in prescribed ranges)

    Antic - Anticipated  (Payments received prior to date of invoice)
    Disc  - Discounted   (Payments received within trade discount period)
    Ppt   - Prompt       (Payments received within terms granted)

| REPORTED | PAYING RECORD | HIGH CREDIT | NOW OWES | PAST DUE | SELLING TERMS | LAST SALE WITHIN |
|---|---|---|---|---|---|---|
| 12/06 | Ppt | 500 | -0- | -0- |  | 1 Mo |

                * Each experience shown represents a separate account reported by a
          supplier.  Updated trade experiences replace those previously
          reported.

============================================================================

FINANCE
10/16/06    On October 16, 2006 a representative verified the history and
          operations of the business.

============================================================================

PUBLIC FILINGS

          The following data is for information purposes only and is not the
          official record.  Certified copies can only be obtained from the
          official source.

------------------------------------------------------------------------
                        * * * UCC FILING(S) * * *
------------------------------------------------------------------------
COLLATERAL: All Assests
FILING NO:  0611148453774              DATE FILED:              11/14/2006
TYPE:       Original                   LATEST INFO RECEIVED: 12/16/2006
SEC. PARTY: UNITED CAPITAL FUNDING CORP.,    FILED WITH: SECRETARY OF
            ST. PETERSBURG, FL                           STATE/UCC DIVISION,
DEBTOR:     ES & G TRADING INC.                          NY
------------------------------------------------------------------------
          The public record items contained in this report may have been

paid, terminated, vacated or released prior to the date this
report was printed.

==========================================================================

HISTORY
03/07/07

EVAN SALTON, PRES                    KRISTIN GOLDFARB, VICE PRES
THE OFFICER(S)

--------------------------------------------------------------------
              * * * CORPORATE AND BUSINESS REGISTRATIONS * * *
                     REPORTED BY THE SECRETARY OF STATE
                   OR OTHER OFFICIAL SOURCE AS OF 02/23/2007
--------------------------------------------------------------------
The following data is not an official record of the Department of
State or the State of New York and Dun & Bradstreet is not an employee
or agent thereof.

REGISTERED NAME: ES & G TRADING INC.

CORPORATION TYPE: PROFIT                FILING DATE: 04/24/2006
BUSINESS TYPE: CORPORATION              DURATION: PERPETUAL
REGISTRATION ID #: 3352257

STATE OF ORGANIZATION (INCORPORATION): NEW YORK
DATE OF ORGANIZATION (INCORPORATION) : 04/24/2006

STATUS: ACTIVE

WHERE FILED: SECRETARY OF STATE/CORPORATION DIVISION, ALBANY, NY

REGISTERED AGENT: SPIEGEL & UTRERA, P.A. P.C., 45 JOHN STREET, SUITE
                  711, NEW YORK, NY 10038

--------------------------------------------------------------------

     Business registered in the State of New York.
     Business started 2006.  50% of capital stock is owned by Evan
Salton.  50% of capital stock is owned by Kristin Goldfarb.
     EVAN SALTON.  Antecedents are undetermined.
     KRISTIN GOLDFARB.  Antecedents are undetermined.

==========================================================================

OPERATION
03/07/07    Wholesales women's and children's clothing, specializing in
sweaters.
            EMPLOYEES:  6 which includes officer(s).
03-08(5SM  /203)       99999                  001203203


                       FULL DISPLAY COMPLETE

© 2006 Dun & Bradstreet Inc.
January 14, 2006 - GTO

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X


E S & G TRADING, INC

        Plaintiff,


   -against-

        **FILED**

SUN CAPITAL, INC.       MAR 26 2007

     Defendant.    COUNTY CLERK'S OFFICE
------------------------------------------------------   NEW YORK

ORDER TO SHOW CAUSE

~~VERIFIED COMPLAINT~~


COMPLIES WITH 130-1-1a

Lawrence F. Morrison
Attorney at Law
220 EAST 72ND STREET
NEW YORK, NY 10021
212-861-1224

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____Diamond_____                                    PART ___48___

_____
*Justice*

ES & G TRADING INC

INDEX NO. _103506/07_

MOTION DATE _____

- v -

MOTION SEQ. NO. _001_

SUN CAPITAL INC

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                          | PAPERS NUMBERED |
|--------------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...         |                 |
| Answering Affidavits — Exhibits                                           |                 |
| Replying Affidavits                                                       |                 |

**Cross-Motion:** ☐ Yes    ☐ No

Upon the foregoing papers, it is ordered that ~~this motion~~ the court declines to sign this order to show cause. In addition to the fact that the movant seeks the ultimate relief of a declaratory judgment, which is unavailable on a pre-answer motion, it has also failed to seek any injunctive relief.

ENTER

**FILED**

MAR 26 2007

COUNTY CLERK'S OFFICE
NEW YORK

RECEIVED
MAR 19 2007
MOTION SUPPORT
OFFICE

RECEIVED
MOTION SUPPORT
OFFICE

Dated: __3/14/07__

MGD (s.d.)
MARYLIN G. DIAMOND    J.S.C.

Check one: ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION

MDAT

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

UCS - 840 (REV 1/2000)

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME COURT                    NEW YORK COUNTY

INDEX NO. *103506/07*    DATE PURCHASED *March 14, 2007*

| For Clerk Only |
|---|
| IAS entry date |
| *3-14-07* |
| Judge Assigned |
| *Diamond* |
| RJI Date |

PLAINTIFF(S) : In the Matter of the Application of

*ES & G Trading, Inc.*    003856

DEFENDANT(S) :

*Sun Capital, Inc.*

Date issue joined: _____ Bill of Particulars served (Y / N):    [ ] Yes    [ ] No

VAL 2

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

INDEX NUMBER 103506  YEAR 2007

[ ] Request for preliminary conference

[ ] Note of issue and/ or certificate of readiness

[ ] Notice of motion (return date_____
    Relief sought_____

[✓] Order to show cause
    (clerk enter return date_____)

[ ] Other ex parte applications (specify
    _____

[ ] Notice of petition ( return date _____)

    Relief sought _____

[ ] Notice of medical or dental malpractice action (specify_____

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify_____

6 RJI FEE        95.00
TOTAL          95.00
CHECK          95.00

CONS CASHIER    DATE    TIME    TERM
-32599 2000  07 MAR 14 11:58 AM 60-3

**FILED**

MAR 26 2007

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

### MATRIMONIAL
[ ] Contested                    -CM
[ ] Uncontested                  -UM

### COMMERCIAL
[ ] Contract                     -CONT
[ ] Corporate   -CORP
[ ] Insurance (where insurer is a
    party, except arbitration)   -INS
[ ] UCC (including sales, negotiable
    instruments)                 -UCC
[ ] *Other Commercial_____   -OC

### REAL PROPERTY
[ ] Tax Certiorari               -TAX
[ ] Foreclosure -FOR
[ ] Condemnation                 -COND
[ ] Landlord/Tenant              -LT
[ ] *Other Real Property_____   -ORP

### OTHER MATTERS
[✓] *  Corporation_____   -OTH

### TORTS
Malpractice    COUNTY CLERK'S OFFICE
                 NEW YORK
[ ] Medical / P_____ -MM
[ ] Dental                       -DM
[ ] *Other Professional_____ -OPM
[ ] Motor Vehicle                -MV
[ ] *Products Liability_____ -PL
[ ] Environmental                -EN
[ ] Asbestos                     -ASB
[ ] Breast Implants              -BI
[ ] *Other Negligence_____ -OTN
[ ] *Other Tort (including
    Intentional)_____ -OT

### SPECIAL PROCEEDINGS
[ ] Art.75 (Arbitration)         -ART75
[ ] Art.77 (Trusts)              -ART77
[ ] Art.78                       -ART78
[ ] Election Law                 -ELEC
[ ] Guardianship (MHL Art. 81)   -GUARD81
[ ] *Other Mental Hygiene_____ -MHYG
[ ] *Other Special Proceeding___ -OSP

*If asterisk used, please specify.

Check "YES" or "NO" for each of the following questions.
Is this action/proceeding against a :

YES    NO
[  ]   [  ]   Municipality:
              (Specify _____ )

YES    NO
[X ]   [  ]   Does this action/proceeding seek equitable relief ?
[  ]   [X ]   Does this action/proceeding seek recovery for personal injury?
[  ]   [X ]   Does this action/proceeding seek recovery for property damage?

YES    NO
[  ]   [  ]   Public Authority:
              (Specify _____ )

Pre-Note Time Frames:
(This applies to all cases except contested matrimonial and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months      ☐ Standard: 9-12 months      ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

    Has summons been served?          ☐ No      ☐ Yes, Date_____

    Was a Notice of No Necessity filed?  ☐ No      ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S) :

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | x Lawrence F. Morrison | x 220 E. 72nd St NY NY p1000 | |
| ☐ | | (347) 276-895 | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | | | |
| ☐ | | | |

*Self represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:



RELATED CASES: (if NONE , write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|
| X | | | |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS. NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated : 3/14/07                          _____
                                         X   Sylvia T. Buie
                                         (Signature)
                                         _____
                                         (Print or type name)
                                         PETITIONER(S)
                                         (Attorney for) Self-Represented (Pro-Se)

Attach rider sheet if necessary to provide required information

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

S & G Trading, Inc

vs.

Sun Capital Inc.

INDEX NUMBER

Do not write in this space

CHECK ONE

| | |
|---|---|
| ☑ COMMERCIAL ACTION | ☐ NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☐ NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☐ NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION
MAIN INDEX NO.** _____

07103506

**Name and address of Attorney for Plaintiff or Petitioner. Telephone No.**  Attorney Lawrence F. Morrison 270 E. 72nd St. New York, NY 10021   212-861-1224

**Name and address of Attorney for Defendant or Respondent. Telephone No.**

A.  Nature and object of action or _____
    Nature of special proceeding _____

B.  Application for Index Number filed by:  Plaintiff ☑  Defendant ☐
C.  Was a previous Third Party Action filed  Yes ☐  No ☐
    Date filed _____

EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ES&G TRADING, INC.,

                                 Plaintiff,            Case No. 07 CV

               v.

SUN CAPITAL, INC.,

                               Defendant.
-------------------------------------------------------------------x

## NOTICE OF FILING NOTICE OF REMOVAL

        Defendant, Sun Capital, Inc. (hereinafter "Sun Capital"), by and through undersigned

counsel, and pursuant to 28 U.S.C. §§ 1332, 1334, 1441, 1446 and 1452, hereby gives notice that

on _____, 2007, it filed its Notice of Removal in the United States District

Court for the Southern District of New York.  A copy of the Notice is attached hereto as Exhibit

"1."  In accordance with Title 28 of the United States Code, no further proceedings should be

held in the Supreme Court of the State of New York in and for the County of New York.


Dated:  New York, New York
       April 26, 2007

                               STRASSBERG & STRASSBERG, P.C.
                               Attorneys for Defendant

                               By:_____
                                 Robert Strassberg (RS-9628)
                               57 West 38th Street 8th Floor
                             New York, New York 10018
                             (212) 736-9500

TO:    LAWRENCE F. MORRISON, ESQ.
       Attorney for Plaintiff
       220 East 72nd Street
       New York, New York 10021
       (212) 861-1224